United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NGOC LAM CHE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOATMAN-JACKLIN, INC.,<br><br>　　　　Defendant. | Case No. 18-cv-02060-NC<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 56 |

Before the Court is plaintiff Ngoc Lam Che's motion for summary judgment. *See* Dkt. No. 56. Che seeks judgment as a matter of law on his accessibility lawsuit against defendant Boatman-Jacklin, Inc., the owner of a shopping plaza. *Id.* Because a genuine dispute of material fact exists as to whether it is readily achievable for Boatman-Jacklin to remodel its parking lot and curb ramps, the Court DENIES IN PART Che's motion for summary judgment. The Court otherwise GRANTS IN PART Che's motion for summary judgment on the following undisputed issues: (1) Che is disabled; (2) Boatman-Jacklin is a private entity that owns and operates a place of public accommodation; and (3) the place of public accommodation has architectural barriers.

**I.　Undisputed Facts and Procedural Background**

Che is a paraplegic. *See* Dkt. No. 65-3, Ex. 1 ("Che Depo.") at 11:16–19. On April 6, 2017, he visited L&L Pure Water and Things, located in a shopping plaza at 1307

1   Jacklin Road in Milpitas, CA. *Id.* at 12:7–12. That plaza is owned by Boatman-Jacklin,
2   who obtained the property from its predecessor. *See* Dkt. No. 65 at 7. During his visit,
3   Che could not find an accessible parking space near L&L. Che Depo. at 17:3–11. In
4   particular, Che asserts that he could not see proper signage, the access isle was too small,
5   and he had difficulty using the access ramp. *Id.* At the time of his visit, Che drove a
6   modified sedan, but now drives a mobility van. *Id.* at 14:21–24; 19:16–18.
7         On January 19, 2019, the parties conducted a site inspection of the property with a
8   certified accessibility specialist ("CASp"). *See* Dkt. No. 57 ("Lee Decl.") ¶ 2; *see also*
9   Dkt. No. 57-1. Following that inspection, Boatman-Jacklin obtained bids for addressing
10  accessibility issues in the plaza's parking lot, with the "best bid" being $38,430 to
11  demolish and replace the current access ramp. *See* Dkt. No. 65-1 ("Sommer Decl.") ¶ 13.
12        Che filed suit on April 5, 2018, alleging disability discrimination claims under the
13  Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California's
14  Unruh Act, Cal. Civ. Code §§ 51, 52. *See* Dkt. No. 1. All parties have consented to the
15  jurisdiction of a magistrate judge. *See* Dkt. Nos. 11, 21.

## II. Legal Standard

Under Federal Rules of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the moving party bears the initial burden to demonstrate the absence of a genuine issue of material fact. Once the moving party meets its burden, then the non-moving party must cite "particular parts of materials in the record" showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A "genuine issue" exists if a reasonable jury could find for the non-moving party. *E.g.*, *Open Text v. Box, Inc.*, No. 13-cv-04910-JD, 2015 WL 428365, at *1 (N.D. Cal. Jan. 30, 2015). On summary judgment, the Court does not make credibility determinations or weigh conflicting evidence, as these determinations are left to the trier of fact at trial. *Bator v. State of Hawaii*, 39 F.3d 1021, 1026 (9th Cir. 1994).

## III. Discussion

### A. Prior Settlement and *Res Judicata*

As an initial matter, Boatman-Jacklin argues that the parties' settlement in a prior lawsuit and the doctrine of *res judiciata* bars Che's claims in this case. *See* Dkt. No. 65 at 10–14. Although Boatman-Jacklin raises these arguments in its opposition to Che's motion for summary judgment, its arguments appear to be a thinly disguised motion for reconsideration of the Court's previous order. *See* Dkt. No. 48. In that order, the Court held that Che's prior settlement with Boatman-Jacklin's predecessor only barred claims prior to September 9, 2015, and that Che's current lawsuit alleges ADA violations different than the ones he previously alleged. *See id.* at 2–3.

Local Rule 7-9(b) limits the grounds on which reconsideration may be sought. And Local Rule 7-9(c) prohibits parties from "repeat[ing] any oral or written argument . . . in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Because Boatman-Jacklin has not identified any ground for reconsideration and simply repeats its prior arguments, the Court declines to reconsider its prior order.

### B. ADA and Unruh Act Claim

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) []he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). As to the third element, discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Any violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731 (citing Cal. Civ. Code § 51(f)).

Here, only the third element of Che's discrimination claim—whether removing the architectural barriers is readily achievable—is in dispute. *See generally*, Dkt. No. 65. "Readily achievable" is a fact-laden inquiry considering the cost of the action required to

3

remove the barrier, the overall financial resources of the facility, and the type of operation of the entity. *See* 42 U.S.C. § 12181(9); *see also* 28 C.F.R. Pt. 36, App. B at 647 (2000) ("Whether or not any of these measures is readily achievable is to be determined on a case-by-case basis in light of the particular circumstances presented and the factors listed in the definition of readily achievable.").

Although the Ninth Circuit has not decided who has the burden of proving that removal of an architectural barrier is "readily achievable" (*see Moore v. Robinson Oil Corp.*, 588 Fed. Appx. 528, 529–30 (9th Cir. 2014)), district courts in this circuit have largely adopted the burden-shifting framework established by the Tenth Circuit in *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). *See, e.g.*, *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014); *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847–48 (N.D. Cal. 2011). In *Colorado Cross*, the Tenth Circuit held that "Plaintiff must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances." *Colo. Cross*, 264 F.3d at 1002. "If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable under [the ADA]." *Id.* at 1002–03.

Here, Boatman-Jacklin's owner, Juliana Somner, asserts that demolishing the current ramp and installing a new ramp would cost $38,430. *See* Somner Decl. ¶ 13. She also asserts that this amount is "substantial . . . in comparison to [Boatman-Jacklin's] budget." *Id.* Because the Court must consider "the nature and cost of the action needed" and "the overall financial resources of the facility . . . involved," there is a genuine dispute as to whether remodeling the shopping plaza's accessible parking spaces and curb ramps is readily achievable.

In reply, Che first argues that Boatman-Jacklin waived its readily achievable defense because it failed to assert this defense in its answer. While there is some support for Che's position (*see, e.g.*, *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007), the Court declines to find waiver. First, although Boatman-Jacklin did

4

1 not plead waiver in its answer, it explicitly raised that defense in its opposition to summary

2 judgment. *Cf. Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 819 (9th Cir. 2004)

3 (holding that defendant waived a defense when it "did not specifically plead the . . .

4 defense in its motion for summary judge"). Second, courts have granted leave to amend

5 pleadings to assert the readily achievable defense. *See, e.g.*, *Doran v. Del Taco*, No. 04-

6 cv-046-CJC, 2005 WL 3478136, at *1 (C.D. Cal. Sep. 16, 2005) (granting leave to amend

7 to plead a "readily achievable" defense). Third, most courts applying waiver have done so

8 in the default judgment context, not at summary judgment. *See, e.g.*, *Heifetz v. W. San

9 Carlos Cts Apts., LLC*, No. 17-cv-01451-EJD (NC), 2017 U.S. Dist. LEXIS 220976, at

10 *8–9 (N.D. Cal. Nov. 13, 2017). And finally, Che did not raise the issue of waiver until its

11 reply, depriving Boatman-Jacklin the opportunity to respond.

Che next argues that Boatman-Jacklin failed to present evidence that it could not afford to remove the barriers and that its quoted cost is incredible. *See* Dkt. No. 66 at 8–9. These arguments, however, go to the weight of Somner's declaration. Absent additional evidence bolstering Somner's assertions, the finder of fact may well discredit her statements. On a motion for summary judgment, however, the Court does not weigh evidence or make credibility findings. *See Bator*, 39 F.3d at 1026.

Accordingly, the Court DENIES Che's motion for summary judgment.

**IV. Conclusion**

For the foregoing reasons, the Court DENIES IN PART Che's motion for summary judgment as to whether it is readily achievable for Boatman-Jacklin to remodel its accessible parking and curb ramps. The Court otherwise GRANTS IN PART Che's motion for summary judgment that (1) Che is disabled; (2) Boatman-Jacklin is a private entity that owns and operates a place of public accommodation; and (3) the place of public accommodation has architectural barriers.

5

**IT IS SO ORDERED.**

Dated: August 9, 2019

_____
NATHANAEL M. COUSINS
United States Magistrate Judge